## GOODWIN *v.* HUDSON.

LANDLORD AND TENANT.—*Conveyance by Landlord, with Agreement to Repurchase.—Action by Grantee Against Tenant for Rent.—Parties.*—The owner of certain real estate occupied by several tenants conveyed the same to a third person by a deed absolute on its face; but, at the same time, the grantor and grantee executed a written agreement that the grantor might repurchase the same at any time within three years, on paying to the grantee the purchase-money, with interest, and further agreeing that the grantor should retain possession of the premises during said time, "to use in a good and husband-like manner," which he did, collecting rents from all of such tenants but one, without objection by the grantee.

*Held*, in an action by the grantee, against such tenant, for rent accrued during such period, that the grantor only, and not the grantee, can maintain such action.

From the Boone Circuit Court.

*G. H. Goodwin*, for appellant.

*R. W. Harrison* and *T. J. Terhune*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below.

The complaint charged, that the appellant was indebted to the appellee in the sum of one hundred and twenty-five dollars, for the use and occupancy of a certain office room, particularly described, held of the appellee by the appellant, for the period of 21 months from November 1st, 1871, at five dollars per month; and that said indebtedness was then due and unpaid. Wherefore, etc.

The appellant's answer was in two paragraphs, as follows:

1. A general denial; and,
2. A small set-off.

The appellee replied by a general denial to the affirmative answer.

The issues joined were tried by the court, without a jury, and a finding made for the appellee in the sum of one hundred dollars. The appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court below on its finding.

The only error assigned by the appellant, in this court, is the decision of the court below, in overruling his motion for a new trial. The causes relied upon by the appellant for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

Ordinarily, we are very unwilling to disturb the finding and judgment of a lower court, on a mere question of evidence. But, in this case, giving all the evidence in the record its full force and weight, it seems very clear to us, that the finding and judgment of the court below are not sustained by the evidence, and can not be upheld.

The facts, which may be regarded as established by the evidence, are briefly these: About November 1st, 1871, one Stephen G. Hudson, a brother of the appellee, was the owner of the premises in which the appellant had his office, having rented the room from said Stephen G. Hudson on account of what the latter then owed him; that the said Stephen then owed the appellant more than a year's rent, and still owed him, when he left the premises, more than two hundred and fifty dollars, after having credited said Stephen, on his account, with all the rent; that, on November 23d, 1871, while the appellant was in possession of said office room, said Stephen G. Hudson executed to the appellee a deed, absolute on its face, of the said premises; but, on the same day, the said Stephen G. and the appellee executed a written agree-

ment, by the terms of which the said Stephen G. had the right to repurchase the said premises from the appellee, by the payment to him of the purchase-money and ten per cent. interest thereon, at any time within the next three years; that said written agreement contained this further stipulation: "And it is further agreed, that the said Stephen G. Hudson have and retain possession of the said premises for and during the time in which said agreement is to be performed, to use in a good and husband-like manner;" that the deed and the agreement were both drafted by the appellant as an attorney, and acknowledged by the parties before him as a notary; that, during the time the appellant occupied said office room, the said Stephen G. Hudson alone collected the rents from the other tenants of said premises; and that the appellee never asserted any claim or demand against the appellant, for or on account of the said office rent, until he brought this action, on the 12th day of January, 1876.

These facts are uncontradicted by any evidence in the record of this cause; and it seems to us, that they showed conclusively, that the appellee had no cause of action against the appellant, for or on account of said office rent.

In our opinion, the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.